```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | | |
|---|---|---|
| **MARIO JULIO ANDJUAN PEEPLES,** | \* | |
| | \* | |
| Petitioner, | \* | |
| vs. | \* | CIVIL ACTION NO. 20-00589-TFM-B |
| | \* | |
| **JAY YORK,** | \* | |
| | \* | |
| Respondent. | \* | |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] Petitioner, Mario Julio Andjuan Peeples, an Alabama pretrial detainee proceeding *pro se*, filed a petition under 28 U.S.C. § 2241 on December 7, 2020. (Doc. 1).  At the time that Peeples filed his petition, he did not pay the required filing fee of $5.00, nor did he file a motion to proceed without the prepayment of fees.

In an order dated December 22, 2020, the Court ordered Peeples to pay the filing fee, or in lieu thereof, to file a motion to proceed without prepayment of fees, by January 11, 2021.  (Doc. 2).  To date, there has been no response from Peeples.

In addition, in an order dated December 22, 2020, the Court advised Peeples that "[t]he factual and procedural history set forth . . . in his petition shows that he has not yet exhausted his available state remedies."  (Doc. 2 at 3).  Thus, Peeples was directed to show cause, by January 22, 2021, why his petition

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

should not be dismissed, given that he has failed to exhaust his state remedies before filing his federal habeas petition. (Id.). The Court cautioned Peeples that failure to timely comply with the Court's order would be considered by the Court an abandonment of the prosecution of this action by him and would result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's directives, without further notice. (Id.). As noted, *supra*, Peeples has not responded in any manner to the Court's order. Moreover, Peeples' copy of the order was not returned to the Court, nor was there any indication that the order was not delivered to him. Based on the foregoing, it appears that Peeples has lost interest in this action.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscaping Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure

2

to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

Due to Peeples' failure to prosecute this action and failure to comply with the Court's order to: (1) pay the required filing fee (or file a motion to proceed *in forma pauperis*) by January 11, 2021, and (2) to show cause by January 22, 2021, why the petition should not be dismissed for failure to exhaust all available state remedies, after being informed that his failure to respond would be considered by the Court an abandonment of the prosecution of this case by him, and upon consideration of the alternatives that are available to this Court, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice. Cf. Bass-El v. District Attorney, Mobile Cnty., 2016 U.S. Dist. LEXIS 87762, *3, 2016 WL 3675803, *1 (S.D. Ala. June 15, 2016), *report and recommendation adopted*, 2016 WL 3676613 (S.D. Ala. July

3

7, 2016)(§ 2241 petition was due to be dismissed where petitioner failed to respond to, or comply with, the Court's instructions to refile his motion to proceed *in forma pauperis* on this Court's form and where petitioner had not exhausted his claims in state court).

If Peeples disputes the Court's finding herein and desires to proceed with the litigation of this action, he shall set forth in an objection to the report and recommendation the reasons for his failure to respond to the Court's order of December 22, 2020, and the specific reasons why this action should not be dismissed for failure to pay the filing fee and failure to exhaust his claims in state court.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **25th** day of **January, 2021.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**